**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-DETROIT**

IN RE: Patricia Sundermann

CASE NO. 11-41640
JUDGE Shapero
CHAPTER 7

Debtor(s).

_____/

DEBTOR'S MOTION FOR TURNOVER AND FOR SANCTIONS

FOR VIOLATION OF THE AUTOMATIC STAY AGAINST

THE WELLINGTON HAYES TRUST

Debtor brings the motion pursuant to 11 U.S.C. §362, 522, 543 and 107.

1. In her Amended Schedules B and C filed in this case, Debtor listed and claimed exemptions in the following assets:
   a. Distributions as a 25% beneficiary in the Wellington Hayes Trust ("Trust").
   b. Capac (State) Bank stock
   c. DTE Stock
2. On April 23, 2013, the Ch 7 trustee in this matter filed his annual report abandoning the above described assets (See DN 161).
3. No timely objections were filed against the exemptions.
4. The Trust is either in possession of the asset (proceeds of the trust), or has exercised control and dominion over the assets the Capac and DTE Stock.
5. That the Trust had made distributions to other beneficiaries in this matter over the past two years, but failed to disburse any monies to the Debtor.
6. That only recently has the Trust filed a lift of stay over to claim a set-off in the assets of the Trust (DN 176). Further, that a claim of set off by the trust in the case is not appropriate as the relevant case law is not applicable, and since the Trust did not file a timely objection to Debtor exemptions, rights to the above assets vested into the debtor. See **Citizens Bank of Maryland** v. **Strumpf** 516 U.S. 16 (1995); **In Re Mwangi**, 432 B.R. 812 (9th Cir. BAP 2010).
7. That although the Trust did file a Motion to Lift before Judge Rhodes against certain assets, which in in the title listed the DTE Stock and Capac Stock(see DN 85), to which this court granted relief as to the real properties. However, this court never entered a written order, and the opinion regarding the subsequent appeal only referenced a valid judgment lien against the real property as it was "perfected" by recording in the appropriate register of deeds. The appellate decision only related to the real property (see DN 115).
8. As such, Debtor demands turnover of the above described assts.

9. Since the trust has failed to timely turn the assets over, or for that matter, failed to timely in a reasonable amount of time file a Motion to Lift Stay, The trust is subject to sanctions for violation of the automatic stay. See Strumpf, *supra*;Mwangi, *supra*.

Whereby, Debtor requests that the Trust turnover within seven days after any granted relief:
   a. 25% of the trust assets as of the date of filing of the bankruptcy.
   b. All shares of Capac Stock that was in Debtor's name at the time of filing
   c. All shares of DTE stock in Debtor's name on the date of filing.
   d. Further, award all cost, sanctions, attorney fees, compensatory damages, pain and suffering, and punitive damages against the Trust.

/s/ A. Stephen Ramadan P41892
Attorney for Debtor
22201 Harper Ave
Saint Clair Shores, MI 48080
steveramadan@gmail.com
586-441-3239

December 19, 2013

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION-DETROIT

IN RE: Patricia Sundermann

CASE NO. 11-41640
JUDGE Shapero
CHAPTER 7

Debtor(s).

_____/

## ORDER GRANTING DEBTOR'S MOTION FOR TURNOVER AND FOR SANCTIONS

## FOR VIOLATION OF THE AUTOMATIC STAY AGAINST

## THE WELLINGTON HAYES TRUST

IT IS HEREBY ORDERED THAT the Trust turnover the following assets within seven days:

e. 25% of the trust assets as of the date of filing of the bankruptcy.
f. All shares of Capac Stock that was in Debtor's name at the time of filing
g. All shares of DTE stock in Debtor's name on the date of filing.

Ex A

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION-DETROIT

IN RE: Patricia Sundermann

                              CASE NO. 11-41640
                              JUDGE Shapero
        Debtor(s).          CHAPTER 7

_____/

## NOTICE OF MOTION

DEBTOR has filed papers with the court a MOTION FOR TURNOVER AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY AGAINST THE WELLINGTON HAYES TRUST

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to terminate the automatic stay, or if you want the court to consider your views on the motion, within 21 days, you or your attorney must:

    1. File with the court a written response or an answer, explaining your position at:

US Bankruptcy Court
211 W Fort St
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

**A. Stephen Ramadan, PLC**
**22201 Harper Ave.**
**Saint Clair Shores, MI 48080**

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.
**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

/s/ A. Stephen Ramadan P41892
Attorney for Debtors
22201 Harper Ave., Ste 102
Saint Clair Shores, MI 48080
steveramadan@gmail.com
586-441-3239

December 19, 2013

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-DETROIT**

IN RE: Patricia Sundermann

                 CASE NO. 11-41640
                  JUDGE Shapero
        Debtor(s).      CHAPTER 7

_____/
         CERTIFICATE OF SERVICE

  The states that on this date, he served this Motion on all parties requesting service by ECF.


/s/ A. Stephen Ramadan


December 19, 2013