UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Patricia Sundermann,                                                    Case No.: 11-41640-wsd
                                                                        Chapter 7
         Debtor.                                                        Hon. Walter Shapero
_____/

## OPINION ON OBJECTIONS TO TRUSTEE'S AMENDED FINAL REPORT AND AMENDED FINAL APPLICATION FOR COMPENSATION

Debtor was involved in prepetition state probate court proceedings relating to a trust in which she was a fiduciary and/or beneficiary, the result of which was (a) a substantial monetary judgment was entered against her in favor of various other parties involved in those proceedings ("Claimants"); (b) she was ordered to return certain property to the trust; and (c) a judicial lien(s) was placed on Debtor's residence in Ortonville, Michigan ("the Residence"). Subsequently, she filed this Chapter 13 bankruptcy case on January 23, 2011, claiming a homestead exemption on the Residence (first pursuant to the Michigan state law exemption and later amended to 11 U.S.C. § 522(d)(1)). Claimants objected to the claimed exemption and also filed a motion for lift of the automatic stay. On March 30, 2011, the Court entered orders that (a) converted Debtor's case to a Chapter 7 proceeding; and (b) pursuant to this Court's ruling that the state court orders had granted Claimants a lien(s) on the Residence, lifted the automatic stay relative to the same. Those orders were appealed by Debtor and affirmed by the U.S. District Court.

Following the lift of stay, the Residence was sold to satisfy the indicated judicial lien(s) incident to the state court proceedings and 100% of the proceeds of that sale, $163,713.56, was deposited with the Chapter 7 Trustee ("Trustee") pending further orders of this Court as to its disposition. The Trustee filed an adversary proceeding against Claimants pursuant to 11 U.S.C.

1

§§ 547(b) and 550(a), alleging that the imposition of the lien(s) on the Residence and the subsequent sale pursuant thereto (among other transfers) constituted avoidable preferential transfers and seeking recovery of the value of those transfers. That adversary proceeding was resolved by a settlement approved by an order of this Court requiring Claimants to pay the Trustee $60,000 ("Settlement Proceeds"). There was no mention one way or another in the settlement documents of Debtor's homestead exemption or any right to, or disposition of, that exemption claim. Thereafter, as noted, the Trustee paid $103,713.56 to Claimants and retained the difference, $60,000, which appears to have been essentially all of the remaining property of the bankruptcy estate that was subject to administration. After disbursement of paid and payable administrative expenses, the Trustee's Amended Final Report, accounting for the foregoing, indicates a balance of $30,375.32, which (a) is shown to all be available for payment to unsecured creditors, whose allowed claims greatly exceed that amount and (b) does not provide for any payment of Debtor's claimed and allowed homestead exemption of $21,625. Debtor objected to both such filings on the basis that the Trustee must pay her homestead exemption from the Settlement Proceeds (her objection to the Amended Final Application for Compensation was solely premised on that basis).

Section 550(a), under which the Trustee proceeded in the adversary proceeding, permits him to recover property transferred as a result of an avoidable preference. The Trustee essentially here argues, without any supporting authority, that Debtor is not entitled to her allowed homestead exemption to be paid to her out of the Settlement Proceeds because homestead exemptions do not attach to Chapter 5 recoveries such as his adversary proceeding.

First, this position fails to take into account the applicability and effect of § 522(g), which provides:

Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510 (c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

    (1) (A) such transfer was not a voluntary transfer of such property by the debtor; and

        (B) the debtor did not conceal such property; or

    (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

The facts are that (a) Debtor did claim a homestead exemption on the Residence under applicable provisions of the Bankruptcy Code; (b) the transfer of the Residence was not a voluntary transfer by Debtor, but rather one forced upon her by state court orders; and (c) Debtor listed the Residence in her original Schedules A and C. Thus, it appears that § 522(g) itself supports Debtor's argument.

The Settlement Proceeds emanated from (a) the sale of the Residence in the state court proceedings following the lift of stay; and (b) the settlement of the Trustee's adversary proceeding allegations that what occurred in the state court constituted a recoverable preference. If there were not all of the indicated other proceedings, and if the Trustee simply administered and sold the Residence in the beginning, there could be no question that Debtor must be paid the homestead exemption out of the sale proceeds. It should make no material or dispositive difference that what happened here instead was a sale of the Residence by someone else, with the sale proceeds being deposited with the Trustee. The fact and timing of the settlement of the preference action might have technically accounted for the $60,000 finally coming to be property of the bankruptcy estate, but its character and source should decide the outcome of this case. The character and source are based on the circumstances that the settlement proceeds (a) were already in the possession of the Trustee; (b) were clearly all emanating from the sale of the Residence,

which was subject to the exemption claim; and (c) emanated from a settled preference action involving the transfer of that very Residence.

Second, even absent the applicability of § 522(g), the following language in the case of *In re Richards*, 92 B.R. 369, 371-72 (Bankr. N.D. Ind. 1988) would dictate the same outcome:

> Defendants' contentions would vitiate many of the rights given to a debtor under the latter portions of that section. *See* 11 U.S.C. § 522(h, i). Under appropriate circumstances, a debtor may claim exemptions out of transfers, including preferences, which have been avoided by the trustee or avoid such transfers on his own behalf, if the trustee fails to do so, in order to recover exemptible property. To adopt Defendants' position would make these rights meaningless. If transfers of exemptible property cannot be preferential, a debtor would never have the opportunity to claim exemptions out of them or to avoid them for his own benefit. Consequently, the Bankruptcy Code specifically contemplates the avoidance of preferential transfers of exempt or exemptible property.

Third, Claimants' indicated objections to Debtor's exemption claim were in effect mooted by the settlement and were not, and are not, being further pursued by them. The Trustee does not contest the fact that Debtor is entitled to the claimed exemption, but essentially is arguing that the exemption is not payable out of the Settlement Proceeds, which as noted, in fact comprise essentially all of the remaining distributable assets of the bankruptcy estate that, in turn, emanate from Debtor's interest in the Residence. If not paid out of those monies, how would Debtor receive her entitled-to homestead exemption, given the other facts of this case? Denying payment out of the remaining assets of the estate of an otherwise allowable exemption that was not objected to by the Trustee can be seen as tantamount to, and nothing more than, a way of objecting to the exemption itself (although the Trustee did not make this argument as such). In that connection, it should be noted that the Trustee never filed any specific objection to the exemption claim, either timely as required by Fed.R.Bankr.P. 4003(b), or otherwise. Because the Rule clearly would not permit this to be considered as a timely filed objection, this could very well constitute an alternative ground for directing payment of the exemption.

4

Therefore, the Court sustains Debtor's objection to the Trustee's Amended Final Report and requires that Debtor be paid her appropriate exemption. The Court denies as moot Debtor's objection to the Trustee's Amended Final Application for Compensation, as it was solely premised on the exemption issue. Debtor shall present an appropriate order.

**Signed on January 22, 2015**

```
                              /s/ Walter Shapero
                         Walter Shapero
                         United States Bankruptcy Judge
```

5