UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN RE :

PATRICIA SUNDERMANN,

    Debtor.

_____/

Chapter 7
Case No. 11-41640
Hon. Walter Shapero

## OPINION INCIDENT TO APPLICATION FOR COMPENSATION (DKT. 272)

On November 24, 2015, this Court entered its Opinion granting Debtor's Motion to Enforce Order of Discharge, allowing sanctions only in the form of attorney fees, and directing submission of an affidavit of such fees. Debtor's attorney A. Stephen Ramadan submitted such Debtor's application, to which the sanctioned parties, Sandra Goulding, Linda Griffith, David Isabell, Kathy J. Swainson, and Mark A. Sokoloff (collectively, "Respondents") objected. That application includes (a) attorney fees in the amount of $15,300 and costs in the amount of $578.65 incurred by Mr. Ramadan, who represented Debtor in this bankruptcy case; and (b) attorney fees in the amount of $8,578.60 incurred by John J. Donahue, III, who apparently may have primarily represented Debtor in the state probate court matter in which the discharge injunction violation occurred, and who apparently consulted with Ramadan on the matters in this Court.

As to Ramadan's fees, the Court notes he was largely successful in prosecuting the sanctions motion (though unsuccessful in part in obtaining punitive damages and emotional distress damages). Thus, he is clearly entitled to attorney fees, as indicated in the Court's referred-to Opinion, but the question is how much. The Court has concluded it will therefore be appropriate to disallow a portion of Ramadan's fee application, which it finds is (a) excessive as

1

to certain services; (b) possibly inflated by virtue of the fact that Ramadan's billing is in quarter-hour increments, rather than tenth-hour increments, which is the more prevailing and appropriate practice in this Court; and (c) appropriately allocable to the portion of the sought-after damages Debtor was unsuccessful in obtaining. As to the foregoing (a), such involve the particular services rendered primarily on October 1, 2014, January 18, 2015, and November 25, 2015. As to the foregoing (b), that involves an arithmetical estimation. As to the foregoing (c), because that involves a practical inability to precisely allocate a particular service entry between the successful and unsuccessful eventual outcomes, an estimation should be and is made based on the totality of the circumstances and the relationship of those outcomes. The result of the foregoing is the awarding to Ramadan of $11,475, rather than the $15,300 originally sought. In connection therewith, the Court is not persuaded by Respondents' argument that the now sought attorney fees are significantly higher than the $10,000 of attorney fees originally sought in the sanctions motion. That $10,000 amount was necessarily an estimation made at the time of the filing of the motion, which preceded the highly contested evidentiary hearing. The Court will also allow Ramadan's application as to expenses in the amount of $578.65, some 80% of which was for obtaining a hearing transcript.

As to Donahue's fees, it would appear (and the Court makes an assumption) that he and Ramadan have separate law practices and as such are not members of the same firm. Apparently, it was Ramadan's (and/or Debtor's) choice to consult with Donahue on various related matters involved in these proceedings. Donahue's direct involvement for the period involved was primarily that preparing for and being and becoming a fact witness at the evidentiary hearing in this Court and matters incident thereto. A material portion of Donahue's time includes meetings with Ramadan and communications with Debtor primarily incident to that role. At the very least,

and in any event, there is some uncompensable duplication of Donahue's work with that of Ramadan. Furthermore, Donahue's attorney fees were not originally specifically mentioned or sought in Debtor's sanctions motion, were not attested to when Donahue testified at the evidentiary hearing, nor specifically dealt with in this Court's Opinion. Further, Donahue did not appear at the February 18, 2016 hearing on the application to defend his own fees. Under the totality of the recited circumstances, it is more appropriate for Donahue to look to Ramadan and/or Debtor, rather than Respondents, for payment for his indicated services. Therefore, Donahue's fee application is thus denied in its entirety.

Debtor shall present an appropriate order effectuating this Opinion, including specific language as to exactly who will be responsible for payment of the amounts awarded.

.

**Signed on February 29, 2016**

            **/s/ Walter Shapero**
            **Walter Shapero**
            **United States Bankruptcy Judge**